**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **EULICE CABRERA RAMOS** | **CIVIL ACTION NO. 3:26-CV-3025 SEC. P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN FLORIDA SOFT SIDE SOUTH DETENTION CENTER, ET AL** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is the REPORT AND RECOMMENDATION ("R&R") of the Magistrate Judge previously filed herein. [Doc. 23]. The R&R recommends the release of Petitioner Eulice Cabrera Ramos ("Petitioner") on the ground that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). On October 29, 2026, the Government objected to the R&R. [Doc. 24]. On November 12, 2026, Petitioner filed a reply to the Government's objections. [Doc. 25].

Having considered the objection, reply to the objection, arguments, applicable law, and the record, the Court declines to adopt the R&R and DENIES the Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1].

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a citizen of Cuba. "Petitioner was paroled into the United States on or about July 8, 2016. Because Petitioner was convicted of conspiracy to commit theft from an interstate shipment in the Southern District of Florida and a sentence was imposed of one year or longer, DHS issued a Notice to Appear on August 20, 2018, placing Ramos in removal proceedings." [Doc. 6, pp. 1-2].

On January 3, 2019, an immigration judge ordered Petitioner removed to Cuba. [Docs. 1, p. 4; 6-1, p. 3]. "Petitioner was released on an order of supervision (OSUP)." [Docs. 6, p. 2; 21-3, p. 1]. On December 30, 2025, ICE detained Petitioner when he appeared for a regular immigration check-in. [Doc. 1-1, p. 1].

"By order dated January 28, 2026, the immigration judge granted [Petitioner's] motion to stay removal pending resolution of the motion to reopen. On March 2, 2026, the immigration judge denied Petitioner's motion to reopen." [Doc. 6, p. 2].

Petitioner filed this proceeding on June 10, 2026, claiming that ICE has detained him for a prolonged period and is not likely to remove him in the reasonably foreseeable future. [Doc. 1-1, p. 1]. He argues that ICE "has not provided a definite removal date, confirmed travel documents, or evidence showing that removal will occur . . . ." *Id.*

Respondents opposed the Petition. [Docs. 6, 21]. Petitioner filed replies on July 27, 2026, and on October 5, 2026. [Docs. 11, 22].

The Magistrate Judge conducted the burden-shifting analysis under *Zadvydas* and concluded that the Government failed to carry its burden of demonstrating a significant likelihood of Petitioner's removal in the reasonably foreseeable future. [Doc. 23].

## LAW AND ANALYSIS

After an alien is ordered removed, the Government generally has 90 days — the statutory "removal period" — within which to effectuate the alien's removal. 8 U.S.C. § 1231(a)(1)(A). That period, however, may be extended when the alien fails or refuses to make timely application in good faith for travel or other documents

necessary for departure, or otherwise acts to prevent his removal. 8 U.S.C. § 1231(a)(1)(C). Thus, § 1231 permits detention beyond the initial 90-day period when the alien's own conduct prevents or hampers removal. *Id.*

In *Zadvydas v. Davis*, the Supreme Court construed § 1231 to permit detention beyond the 90-day removal period for an additional period reasonably necessary to effectuate removal, while recognizing constitutional limits on potentially indefinite detention. 533 U.S. 678, 699–701 (2001). The Court held that detention for up to six months following the beginning of the removal period is generally considered "presumptively reasonable." *Id.* at 701. The six-month period is not, however, an absolute limit on detention. Rather, after six months, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.*; *see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that no such likelihood of removal exists, and that showing must be supported by more than mere "speculation and conjecture." *See Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006); *Idowu v. Ridge*, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003), *citing Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002).

Courts have also recognized that where an alien's own conduct obstructs or prevents his removal, the *Zadvydas* analysis may not be triggered at all, because an alien cannot establish that there is no significant likelihood of removal in the reasonably foreseeable future when his own conduct is preventing the Government from effecting that removal. *See, e.g., Piedrahita-Bello v. U.S. Immigration and*

*Customs Enforcement,* 2026 WL 2723433, at *3 (W.D. La. Sept. 15, 2026) (finding Cuban citizen refused to cooperate when he repeatedly refused to "cooperate with the Government's removal efforts"); *Martinez Diaz v. Acuna*, 2026 WL 2691470, at *2 (W.D. La. Sept. 14, 2026) (holding Cuban citizen refused to cooperate where he "refused removal to Mexico and refused to sign Form-I229(a)."); *Torres v. Tate*, 2026 WL 2455365, at *1 (S.D. Tex. Aug. 21, 2026) (finding that *Zadvydas's* burden-shifting analysis was not necessary and the petitioner, a citizen of Cuba, was not entitled to release where he repeatedly refused to sign notices authorizing his removal to Mexico, causing Mexican Immigration to deny his acceptance); *Zehra v. Noem*, 2026 WL 2271347, at *2 (S.D. Tex. Aug. 6, 2026).

Here, Respondents argue that Petitioner is responsible for any delay in his removal: "The government attempted removal to Mexico but Petitioner failed to comply with removal efforts and even refused to board the bus to Mexico." [Doc. 21, pp. 7-8].[1] Moreover, the Government also presented evidence that Petitioner continued to fail to cooperate after his initial refusal to board the bus. On July 7, 2026, he "refused to sign the Form I-229(a), Warning for Failure to Depart." [Doc. 21-7, p. 2].

Additionally, following issuance of the R&R, the Government presented new evidence that Petitioner "continued to impede his removal process." [Doc. 24, p. 1]. "He has refused to complete the Information for Travel Document or Passport Form,

---

[1] The Magistrate Judge based her recommendation, in part, on the fact that the date (January 28, 2026) on which Petitioner declined to board the bus to Mexico was the same date on which an immigration judge granted his "motion to stay removal pending resolution of the motion to reopen." [Docs. 21-7, p. 2; 23, p. 5]. But his temporary stay of removal was vacated on March 2, 2026, with the denial of his motion to reopen. [Docs. 21-7, p. 2; 23, p. 7].

refused to sign the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal, and the Warning for Failure to Depart." [Docs. 24, p. 2; 24-1, pp. 1-3].

Section 241(a)(1)(C) of the Immigration and Nationality Act ("INA") provides for the extension of the statutory removal period if the alien refuses to make application in good faith for a travel or other document necessary for his removal or departure. Petitioner has willfully refused to apply in good faith for travel or other documents. [Doc. 24-1, p. 3]. Clearly, the law does not permit an alien with a final removal order to frustrate his own removal and then rely on the resulting delay to obtain release under *Zadvydas*. The record demonstrates that the impediment to removal is not an external circumstance beyond Petitioner's control, but rather his own repeated refusal to cooperate with the Government's removal efforts. Accordingly, Petitioner's continued detention is justified under § 1231(a)(1)(C), and his Petition is denied.

## CONCLUSION

Accordingly, in light of the foregoing,

IT IS HEREBY ORDERED that the REPORT AND RECOMMENDATION of the Magistrate Judge [Doc. 23] is VACATED and that the Petition for Writ of Habeas Corpus [Doc. 1] filed by Eulice Cabrera Ramos is DENIED and DISMISSED WITHOUT PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 17th day of November 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE